1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

10
11
12
13
14
15
16

| | |
|---|---|
| SHAWN L. LEWIS,<br><br>               Petitioner,<br><br>   vs.<br><br>JERRY DRYER, et. al.,<br><br>              Respondents. | Case No. CV 08-6576-GW(JWJ)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

17
18

### I.  BACKGROUND

19

     On October 7, 2008, petitioner Shawn L. Lewis, a state prisoner

20

proceeding <u>pro se</u>, filed in this Court a document labeled "2254 habeaus 28

21

U.SC 636 No Jury 28 U.S.C 2101 (f) Autoflos" (hereinafter "Petition").  On

22

October 29, 2008, petitioner filed a document titled "argument" (hereinafter

23

"Attachment").[1]  On November 24, 2008, petitioner filed another pleading

24

which this Court construed as a supplement to his petition.  The Court has

25

screened the Petition and its supplements pursuant to 28 U.S.C. § 2243, Rule

26

4 of the Rules Governing § 2254 Cases, the Federal Rules of Civil Procedure,

27
28

---

    [1]  Since petitioner has not numbered either the Petition nor the Attachment, this Court has numbered both consecutively for clarity.

and the Local Rules of the Central District of California.  The screening of the Petition and its supplemental reveals that petitioner is requesting the following: a) the release of "non-serious, nonviolent, non sexual" inmates in order to balance the state budget; and b) the cessation of all construction of new prisons.  (Petition, pp. 1-2.)  Petitioner also cites to People v. Borba, 110 Cal. App. 3d 989 (1980).  (Attachment, p. 1.)  Petitioner asserts that the trial judge in Borba properly allowed the admission of hearsay evidence because the defendant in that case failed to make an objection based on the rights delineated in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  (Id.)  As discussed below, the Petition is summarily dismissed.

## II.  DISCUSSION

Under 28 U.S.C. § 2243, it is the duty of this Court to screen out frivolous habeas corpus applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976 Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).  A district court must enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.  Rules Governing Section 2254 Cases, Rule 4; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A petition lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. See Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).  A court may also dismiss as frivolous petitions reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  Yet, it

1    must be kept in mind that pro se pleadings must be liberally construed.  <u>See</u>

2    <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3       Here, petitioner alleges that the state of California has undertaken a

4    variety of efforts to reduce the state budget.  (Petition, p. 1.)  Petitioner

5    requests that further measures be taken to reduce the budget, including the

6    release of nonviolent inmates and the discontinuance of construction of new

7    prisons.  (<u>Id.</u> at 2.)  However, in conducting habeas review, a federal court is

8    limited to deciding whether a *conviction* violated the Constitution, laws, or

9    treaties of the United States.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.

10   Ct. 475, 116 L. Ed. 2d 385 (1991) (emphasis added).  Accordingly, petitioner's

11   aforementioned claims are summarily dismissed.  <u>See</u> Rule 4 of the Rules

12   Governing § 2254 Cases.

13      Petitioner also makes references to a <u>Miranda</u> violation in <u>Borba</u>, but he

14   fails to include any facts related to his own interrogation.  (Attachment, p. 1.)

15   Allegations lacking any supporting facts are subject to dismissal for lacking

16   substance.  <u>See</u> <u>Franklin v. Murphy</u>, 745 F.2d at 1228.  Accordingly,

17   petitioner's apparent <u>Miranda</u> claim is summarily dismissed.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## <u>ORDER</u>

For all of the foregoing reasons, **IT IS HEREBY ORDERED** as follows: The instant Petition for Writ of Habeas Corpus is **dismissed without prejudice**.

DATED: <u>February 12, 2009</u>

_____/s/_____
GEORGE H. WU
United States District Judge

Presented by:

DATED: <u>December 22, 2008</u>

_____/s/_____
JEFFREY W. JOHNSON
United States Magistrate Judge

- 4 -